OPINION
Appellants James and Susan Baechle appeal a judgment of the Fairfield County Common Pleas Court denying their request for a permanent injunction prohibiting appellees William and Carol Sims and Holly Henry from constructing homes on lots of less than five acres:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' FORMER COUNSEL'S MOTION FOR A CONTINUANCE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS FAILURE TO ENFORCE A RESTRICTIVE COVENANT WHERE IT FOUND THAT THE RESTRICTIVE COVENANT WAS A VALID ENFORCEABLE RESTRICTION, PART OF A GENERAL PLAN, AND ALL DEFENDANTS WERE ON NOTICE OF ITS EXISTENCE.
Roger Moury owned twenty-five acres in Fairfield County. In 1976, a registered surveyor prepared a survey for Mr. Moury, outlining the boundry lines of the twenty-five-acre tract. At that time, the surveyor penciled in lines, but did not survey these lines, dividing the tract into approximately five equal, five-acre tracts. At that time, Moury's intention was to divide the property into five five-acre tracts, if he did not use any of the land to construct a home for himself, to avoid restrictions imposed by the Regional Planning and Health Department.
In 1984, a survey was prepared dividing two five-acre tracts, which were later sold. The deeds included restrictive covenants, providing that the lot shall be used for private residential purposes only, and when so used, no building except one single private dwelling house, a garage for personal vehicles, and one building for livestock shall be erected or maintained thereon. All subsequent deeds from Mr. Moury or his successors, including the present land owners, contained this same restrictive covenant.
In 1990, another survey was prepared, splitting off another five-acre tract, which was sold to appellants. Also in 1990, a fourth five-acre tract was split and sold.
The remaining five-acre tract is the subject of the instant law suit. In 1996, a survey was prepared dividing the last five-acre tract into three tracts: two containing 1.54 acres, and one containing 2.01 acres. The entire five acres was conveyed from Mr. Moury to appellee David Dozer, a real estate agent. In 1996, Dozer conveyed two of the three tracts to a person by the name of "Benson." On November 6, Benson conveyed the 2.01-acre tract to appellees William and Carol Sims. He conveyed one of the1.54-acre tracts to Dale and Kathleen Clements, who have been dismissed from the instant lawsuit. The remaining 1.54-acre tract was conveyed to appellee Holly Henry.
All the deeds contained the same restrictive covenant cited above, and no plat was recorded concerning the twenty-five acres in question.
Appellants brought the instant action seeking to prohibit Sims and Henry from building on their lots. Appellants argued that the restrictive covenant allowed only one home per five-acre tract, and a common scheme or plan existed for the neighborhood allowing only one home per five-acre tract.
The case proceeded to a bench trial in the Fairfield County Common Pleas Court. The court declined to issue the permanent injunction, and accordingly, dismissed the complaint.
 I.
Appellants argue that the court erred in overruling their motion to continue the case.
The grant or denial of a continuance is in the sound discretion of the trial court. State vs. Unger (1981), 67 Ohio St.2d 65, syllabus.
On August 12, 1997, Andrea Woods, counsel for appellants, moved for a continuance, as she had an argument scheduled before this Court of Appeals on the same date. Before the court could rule on the continuance, Attorney Woods filed a motion to withdraw as counsel on August 14. She stated in the motion that because of the scheduling conflict, she could not appear for the hearing, and would not have adequate time to prepare if she could appear. She further represented that appellants would not be prejudiced by her withdrawal, as Attorney Joe Griffith remained as counsel of record for appellants. The court granted her motion to withdraw as counsel.
On August 27, 1997, an approved entry was filed which allowed Attorney Griffith to withdraw from the case, and recognized Attorney Jeremiah Spires to proceed as counsel on behalf of appellants. The record does not reflect that Attorney Spires ever requested a continuance. Appellant has not demonstrated that the court abused its discretion. Attorney Woods filed a motion to withdraw two days following her motion for a continuance, leaving the court insufficient time to rule on the motion. Further, she expressed to the court that appellants would not be prejudiced by her withdrawal, as they continued to be represented by Attorney Griffith. Following the change of counsel from Attorney Griffith to Attorney Spires, appellants did not move to continue the hearing. Therefore, we must presume that Attorney Spires was prepared for the hearing, and did not feel a continuance was necessary to prepare.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court erred in failing to enforce the restrictive covenant, which clearly restricts appellees to building a one house per five acre tract.
The general rule respecting construction of agreements which restrict the use of real estate, is that such agreements are to be strictly construed against limitations upon use of land, and all doubts should be resolved against a possible construction which would increase the restriction upon the use of real estate.Driscoll vs. Austintown (1975), 42 Ohio St.2d 263, 277. If the grantors of deeds which contain restrictive covenants desire to limit development of the property, they should do so in unambiguous language, as a court is without power to rewrite the covenants. Id.
The restrictive covenants in the instant case do not limit construction to one house per five-acre tract. The restrictions provide that one house may be built per lot. However, the restriction does not provide that the lots are to be five acres, and does not prohibit lot-splitting. In addition, no plat was filed showing that the tracts were required to be five acres.
In addition, the evidence does not reflect that the developer created a common scheme or plan requiring lots to be five acres. The testimony of Mr. Moury reflects that he had no specific plan or scheme involving the property. His testimony reflects that his original plan to have five tracts of five acres each was driven by ease of approval from the zoning and health departments for sale and eventual construction. His testimony reflects that his intent regarding the fifth and final tract of 5.11 acres was not specific, as he and his wife occasionally talked about building on the lot. He testified that at the time he negotiated with Dozer for sale of the lot, Mr. Dozer indicated that he was interested in splitting the five acres. Mr. Moury testified that he did not recall having any objection to Dozer splitting the five acres into more than one tract, as long as the land was used for residential purposes. Mr. Moury also testified that he did not represent to any of the other four property owners that he would not permit the property to be sold in lots of less than five acres. Therefore, it is apparent that the intent of Mr. Moury was subject to change with the passage of time, that he had no definite plan with regard to the property, that he never represented to the property owners that he would only allow the property to be sold in tracts of five acres, and that he sold the final parcel to Mr. Dozer with full knowledge that the property would be split into lots of less than five acres.
The court did not err in denying appellants' request for a permanent injunction to prevent appellees from building on lots of less than five acres.
The second Assignment of Error is overruled.
The judgment of the Fairfield County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Common Pleas Court is affirmed. Costs to appellants.